# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4558 | **DATE** | 9/22/2003 |
| **CASE TITLE** | United States ex rel. Wilson vs. Emergency Medical Associates of Illinois, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motions to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Before the court are the following: (1) Defendant Midwestern University's Motion to Dismiss Relators Second Amended Complaint [35-1]; (2) Defendants Emergency Medical Associates of Illinois, Inc., Emergency Medical Associates of Indiana, Inc., and Douglas P. Webster's Motion to Dismiss Relator's Second Amended Complaint [37-1]; and Defendants St. Bernard Hospital and Advocate Health and Hospitals Corporation's Motion to Dismiss Relator's Second Amended Complaint [46-1]. For the following reasons, Defendants' motions [35-1], [37-1] and [46-1] are granted.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 24 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 60 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 03 SEP 23 PM 12:00 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ex rel., ROBERT LANCE WILSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EMERCENCY MEDICAL ASSOCIATES ) <br> OF ILLINOIS, INC., n/k/a EmCare of Illinois, ) <br> S.C.; EMERGENCY MEDICAL ASSOCIATES ) <br> OF INDIANA, INC., n/k/a EmCare of Indiana, ) <br> Inc.; THE ESTATE OF ROBERT L. ) <br> HAMBRICK, Deceased; JUDITH L. ) <br> HAMBRICK, Independent Executrix of the ) <br> Estate of Robert L. Hambrick, Deceased; ) <br> DOUGLAS P. WEBSTER; MIDWESTERN ) <br> UNIVERSITY, d/b/a Chicago College of ) <br> Osteopathic Medicine; PROVIDENT HOSPITAL ) <br> OF COOK COUNTY; GRANT HOSPITAL; ) <br> ADVOCATE HEALTH AND HOSPITALS ) <br> CORPORATION, d/b/a Bethany Hospital; ) <br> ST. BERNARD HOSPITAL & HEALTH CARE ) <br> CENTER; SISTERS OF ST. FRANCIS HEALTH ) <br> SERVICES, INC., d/b/a St. Margaret Mercy ) <br> Healthcare Center, f/k/a Our Lady of Mercy ) <br> Hospital and St. Anthony Hospital; and GOOD ) <br> SAMARITAN HOSPITAL, ) <br> ) <br> Defendants. ) | **DOCKETED** <br> SEP 2 4 2003 <br><br> No. 01 C 4558 <br><br> Honorable Charles R. Norgle |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge.

Before the court are the following: (1) Defendants Emergency Medical Associates of Illinois,

Inc., Emergency Medical Associates of Indiana, Inc. (collectively referred to as "EmCare"), and

Douglas P. Webster's Motion to Dismiss Relator's Second Amended Complaint Pursuant to Federal

1



Rules of Civil Procedure 12(b)(1) and 9(b); (2) Defendant Midwestern University's Motion to Dismiss Relator's Second Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1), 9(b), and 15(a); and (3) Defendants St. Bernard Hospital and Advocate Health and Hospitals Corporation's Motion to Dismiss Relator's Second Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 9(b). For the following reasons, Defendants' motions are granted.

## I. BACKGROUND

On February 22, 2000, Brent Gear, D.O. ("Dr. Gear") filed a qui tam action against Defendant Laidlaw, Inc. alleging violations of the False Claims Act, as amended, 31 U.S.C. §3729 *et seq*. Laidlaw, Inc. is the parent company of EmCare, which is the division responsible for staffing hospital emergency rooms throughout the United States. On December 13, 2002, Dr. Gear filed his First Amended Complaint. Dr. Gear's First Amended Complaint essentially alleges, as he did in his original complaint, that EmCare fraudulently billed Medicare/Medicaid for medical services which were allegedly conducted by licensed emergency room attending physicians, but in fact were actually performed by student doctors. See Gear First Am. Compl. ¶¶ 17-22. Dr. Gear also claims that EmCare billed Medicare/Medicaid at a higher rate than those rates set for the services actually performed. See Gear First Am. Compl. ¶¶ 23-28.

On June 15, 2001, Plaintiff Robert Lance Wilson, D.O. ("Dr. Wilson"), filed this qui tam action against EmCare and numerous other Defendants, including a medical school and various hospitals that relied on EmCare for their staffing needs. Dr. Wilson's Second Amended Complaint alleges, as he did in his original complaint, a conspiracy among: "(1) a group of emergency room doctors; (2) a medical school; and (3) participating hospitals to fraudulently bill Medicare/Medicaid

2

for medical services which were supposedly performed by a licensed and authorized emergency room physician, but were in actuality only performed by an unauthorized and unsupervised student doctor." Wilson Second Am. Compl. ¶ 1. Defendants have moved to dismiss Dr. Wilson's Second Amended Complaint on numerous grounds.[1] The issues are fully briefed and now before the court.

## II. DISCUSSION

The False Claims Act ("FCA") establishes civil penalties for any person who files "a false or fraudulent claim for payment or approval" with the United States Government. 31 U.S.C. § 3729(a)(1); see also U.S. v. Bank of Farmington, 166 F.3d 853, 866 (7th Cir. 1999). The FCA may be enforced by either the Attorney General of the United States, or, by a private person known as a relator. United States ex rel. Chandler v. Cook County, Illinois, 277 F.3d 969, 973 (7th Cir. 2002). An action brought by a relator is designated as a qui tam lawsuit, and it is initially brought on behalf of both the relator and the United States Government. Id. If the Government declines to intervene in the lawsuit, the relator may proceed on his own and will receive a portion of the Governments recovery if the relator ultimately prevails. See id. Congress enacted the qui tam provision of the FCA to encourage individuals with knowledge of government fraud to come forward and report the fraudulent conduct. See Bank of Farmington, 166 F.3d at 858 ("Congress wanted to reward private individuals who take significant risks to bring wrongdoing to light, to break conspiracies of silence among employees of malfeasors, and to encourage whistle blowing and disclosure of fraud.").

Although the FCA encourages individuals with knowledge of government fraud to come forward, the Act contains several jurisdictional bars. See 31 U.S.C. § 3730(e)(1)-(4). One such

---

[1]The court's holding is limited to Defendants' arguments under Rule 12(b)(1) contending that this court lacks subject matter jurisdiction over this action because 31 U.S.C. § 3730(b)(5) of the False Claims Act bars Dr. Wilson's claims.

3

jurisdictional bar, known as the First-to-File Bar, precludes successive plaintiffs from bringing related actions based on the same underlying facts. See 31 U.S.C. § 3730(b)(5); see also United States ex rel. Lujan v. Hughes Aircraft Co., 243 F.3d 1181, 1187 (9th Cir. 2001). Congress enacted § 3730(b)(5), along with the FCA's other jurisdictional bars, to resolve the tension between encouraging people to come forward and preventing parasitic lawsuits. See Bank of Farmington, 166 F.3d at 858 (citing Cooper v. Blue Cross and Blue Shield of Florida, Inc., 19 F.3d 562, 565 (11th Cir. 1994)).

In this case, the court has reviewed Plaintiff's Second Amended Complaint along with Dr. Gear's First Amended Complaint. In a motion brought under Rule 12(b)(1), the court must accept the allegations in Dr. Wilson's Second Amended Complaint as true. See Martin v. Shalala, 63 F.3d 497, 501 (7th Cir.1995); see also Lujan, 243 F.3d at 1189 (stating that in a § 3730(b)(5) analysis, no difference exists between allegations and the underlying facts as long as the district court accepts the allegations in plaintiff's complaint as true). In doing so, however, the court rejects the position that it must make a microscopic examination of the pleadings to determine whether this case is identical to Dr. Gear's in order to satisfy the requirements of 31 U.S.C.§ 3730(b)(5). See Lujan, 243 F.3d at 1189 (adopting the material facts test over the identical facts test when analyzing a claim under § 3730(b)(5)); see also United States ex rel. LaCorte v. Smithkline Beecham, 149 F.3d 227, 234 (3rd Cir. 1998) (concluding that § 3730(b)(5) is not limited to suits alleging identical facts). A reasonable review of the pleadings indicates that Dr. Wilson's claims arise out of the same underlying facts as those alleged in Dr. Gear's First Amended Complaint. Dr. Wilson's attempt to name additional parties involved in the alleged billing scheme or to request a measure of damages not sought by Dr. Gear frustrates the purpose of FCA. Congress intended to encourage private

4

individuals who are aware of fraud against the government to come "forward at the *earliest possible time*" in order to alert the government of fraudulent conduct. See Bank of Farmington, 166 F.3d 853, 866 (7th Cir. 1999) (citations omitted) (emphasis in original). Allowing every private individual with knowledge of the fraud to come forward with slightly different facts about the same fraudulent scheme does not provide much of an incentive to initial relators because their potential recovery is reduced dramatically. See Lujan, 243 F.3d at 1189.

Dr. Gear filed his original complaint on February 22, 2000--thereby placing the Government on notice of his claims involving the fraudulent Medicare/Medicaid billing scheme and allowing it the opportunity to investigate. Although Dr. Wilson came forward over one year later with additional information regarding the same fraudulent billing scheme, his information was only supplemental to that the Government had already compiled in its ongoing investigation initiated by Dr. Gear's original complaint. See LaCorte, 149 F.3d at 234 ("once the government knows the essential facts of a fraudulent scheme, it has enough information to discover related frauds."). As such, Dr. Wilson's subsequent action is barred by § 3730(b)(5). See Lujan, 243 F.3d at 1187 (holding that later filed actions alleging the same material elements of fraud as those described in the earlier filed lawsuit are barred by § 3730(b)(5) even if they contain somewhat different details); see also United States ex rel. Merena v. Smithkline Beecham Corp., 114 F.Supp.2d 352, 364 (E.D. Penn. 2000) ("Allegations based on essentially the same underlying facts are barred by First-to-File Rule"). Therefore, this court lacks subject matter jurisdiction over Dr. Wilson's Second Amended Complaint.

## III. CONCLUSION

For the foregoing reasons, Dr. Wilson's Second Amended Complaint is dismissed with prejudice. As a result of this finding, the court need not reach the other issues raised in Defendants' motions to dismiss.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 9-22-03